DAVID R. OWENS, State Bar No. 180829
dowens@owenstarabichi.com
BRUNO W. TARABICHI, State Bar No. 215129
btarabichi@owenstarabichi.com
OWENS TARABICHI LLP
111 N. Market St., Suite 730
San Jose, California 95113
Telephone: 408.298.8200
Facsimile: 408.521.2203

Attorneys for Plaintiffs
Clip Ventures LLC

FILED

AUG 0 6 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

CV 10-03456

CLIP VENTURES LLC, a California limited liability company,

Plaintiff,

vs.

M.E. HEUCK CO., an Ohio corporation,

Defendant.

PLAINTIFF CLIP VENTURES LLC'S COMPLAINT FOR FALSE PATENT MARKING

DEMAND FOR JURY TRIAL

Plaintiff Clip Ventures LLC ("Clip Ventures"), by its attorneys, Owens Tarabichi LLP, for its Complaint in this action alleges:

**PARTIES**

1. Clip Ventures is a California limited liability company having its principal place of business at 171 Main Street #139, Los Altos, California 94022.

2. M.E. Heuck Co. ("M.E. Heuck") is an Ohio corporation having its principal place of business at 1111 Western Row Road, Mason, Ohio 45040.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction of this action under 28 U.S.C. §§ 1331, 1338(a), as this action involves substantial claims arising under the U.S. Patent Act of 1952, as

amended, 35 U.S.C. §§ 1 *et seq.*

4.  This Court also has subject matter jurisdiction of this action under 28 U.S.C. § 1332 because the amount in controversy exceeds the sum or value of $75,000, and there is complete diversity of citizenship between the parties.

5.  M.E. Heuck is subject to personal jurisdiction in this district because it conducts regular and systematic business in California, and the causes of action contained herein arise out of, or result from, M.E. Heuck's purposeful availment of the privilege of conducting activities with or within the State of California.

6.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400 because M.E. Heuck is subject to personal jurisdiction in this district, M.E. Heuck resides in this district, and a substantial part of the events or omissions giving rise to the claim(s) occurred in this district.

## INTRADISTRICT ASSIGNMENT

7.  Pursuant to N.D. Civil Local Rule 3-2(c), this is an intellectual property action subject to district-wide assignment.

## FACTS RELEVANT TO ALL CLAIMS

8.  The Patent Act of 1952 prohibits falsely marking an article with a patent number if that article is unpatented. This includes marking an article with an expired patent. Pursuant to 35 U.S.C. § 292, a person or entity who falsely marks shall be fined up to $500 on a per article basis.

9.  The Patent Act also provides a *qui tam* cause of action for false marking. In bringing a *qui tam* cause of action for false marking, the plaintiff pays 50% of the fine to the U.S. Government and is permitted to retain the remaining 50% of the fine.

10. Accordingly, as a matter of public policy, the federal government has incentivized the consuming public, competitors, and others to identify falsely marked articles and bring a *qui tam* action. This is because falsely marking articles injures the public in several ways, including, but not limited to, (i) deterring innovation and stifling competition in the marketplace; (ii) encouraging unnecessary investment in design around efforts; and (iii) inflating consumer

demand for an article that the public believes is unique and without competition.

11. In the instant case, M.E. Heuck makes and sells pop-up timers that are marked with U.S. Patent No. 4,421,053. However, U.S. Patent No. 4,421,053 expired over eight years ago on December 18, 2001. Nevertheless, M.E. Heuck continues to sell the falsely marked pop-up timers as of the date of this Complaint. M.E. Heuck knowingly falsely marks its pop-up timers with an intent to deceive the public.

## FIRST CLAIM FOR RELIEF
## FALSE MARKING PURSUANT TO 35 U.S.C. § 292

12. Paragraphs 1–11, above, are realleged and incorporated by reference as if set forth in full.

13. M.E. Heuck makes and sells pop-up timers.

14. M.E. Heuck marks its pop-up timers with U.S. Patent No. 4,421,053. U.S. Patent No. 4,421,053 expired on December 18, 2001.

15. Though U.S. Patent No. 4,421,053 expired more than eight years ago, M.E. Heuck continues to mark its pop-up timers with this patent number. M.E. Heuck's falsely marked pop-up timers continue to this day to be sold in California and, on information and belief, throughout the United States.

16. M.E. Heuck knew that U.S. Patent No. 4,421,053 would expire on December 18, 2001. Yet M.E. Heuck continued to falsely mark its pop-up timers with the patent number. As such, M.E. Heuck knowingly falsely marked its pop-up timers with an intent to deceive the public and an intent to induce the public to believe that each pop-up timer was covered by U.S. Patent No. 4,421,053 despite knowing the patent had expired.

17. Pursuant to 35 U.S.C. §292, M.E. Heuck should be penalized $500 per falsely marked article.

## PRAYER FOR RELIEF

WHEREFORE, Clip Ventures prays for judgment against M.E. Heuck and relief as follows:

(i)    that the Court declare, adjudge, and decree that M.E. Heuck violated 35 U.S.C. § 292 by falsely marking its unpatented articles with expired patent numbers;

(ii)   that, pursuant to 35 U.S.C. § 292(b), the Court fine M.E. Heuck in the amount of $500 for each falsely marked article, with half of the fine payable to Clip Ventures and the other half payable to the United States;

(iii)  that, pursuant to 35 U.S.C. § 285, Clip Ventures recover its reasonable attorneys' fees;

(iv)   that Clip Ventures recover the costs of this action, including attorneys' fees and interest; and

(v)    such other and further relief that this Court may deem just and equitable.

Dated: August 6, 2010

Respectfully submitted,

OWENS TARABICHI LLP

By _____
David R. Owens
Bruno W. Tarabichi
Attorneys for Plaintiff
Clip Ventures LLC